PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN ALBINO SERRANO, | ) | |
| | ) | CASE NO. 4:17CV2018 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| KENNETH KOUNTZ, *et al.,* | ) | |
| | ) | **MEMORANDUM OF OPINION AND** |
| Defendants. | ) | **ORDER** |

*Pro se* plaintiff John Albino Serrano, a prisoner in the Mahoning County Jail, has filed an *in forma pauperis* Complaint against Captain/Assistant Warden Kenneth Kountz; Deputy Bruno; Deputy Brooks; Deputy Milano; Deputy Huff; and Sergeant Starr. In his Complaint (ECF No. 1) and four subsequent letters he has filed (ECF Nos. 3-6), Plaintiff complains about numerous conditions in the Jail and seeks damages and injunctive relief.

**I. Background**

In his Complaint, Plaintiff alleges that the Jail is not being run in accordance with "the policy and rules" of the Ohio Department of Rehabilitation and Correction. He asserts there are "no real grievance procedures, no appeal process, no outside recreation . . . no law libraries," and that pod cleaners including himself are required to wash the showers by hand without adequate cleaning supplies and extra food for their work. ECF No. 1 at PageID #: 4. He seeks damages and an order requiring that inmates be given "outside recreation, law libraries and real education programs." *Id*. at PageID #: 5.

(4:17CV2018)

In his first supplemental filing, Plaintiff complains that inmates are not given new uniforms after recreation and asks that inmates be given shorts for recreation, as well as new mattresses, clean bed sheets, and computers so that they can take the GED exam. ECF No. 3.

In his second supplemental filing, in addition to complaining that pod cleaners are not provided adequate cleaning supplies or food, Plaintiff complains generally about how deputies handle inmates' mail and legal materials and, in particular, complains that deputies do not give inmates envelopes with addresses on them. He asks the Court to address the "issue" of how deputies handle inmate mail. ECF No. 4.

In his third supplemental filing, Plaintiff complains that Deputy Marsolo improperly issued a violation citation to him, and that Sergeant D'Angelo told him "good luck trying" to appeal it. ECF No. 5.

In his final filing, Plaintiff complains that the Jail would not assist him in releasing funds from his prisoner commissary account to pay a court fine. ECF No. 6.

## II. Standard of Review

Although federal courts are obligated to construe *pro se* complaints liberally (*see Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011)), such principles are not without limits. *See Young Bok Ong v. Gipson*, 423 F.App'x 506, 510 (6th Cir. 2011). Plaintiffs proceeding *pro se* must still meet basic pleading requirements, and courts are not required to "conjure allegations on [their] behalf." *Erwin v. Edwards*, 22 F.App'x 579, 580 (6th Cir. 2001).

The Prison Litigation Reform Act, Pub. L. No. 103 134, 110 Stat. 1321 (1996), requires a district court to dismiss before service any prisoner action seeking redress from "a

(4:17CV2018)

governmental entity or officer or employee of a governmental entity" if the complaint is frivolous or malicious, fails to state a claim on which relief can be granted, or seeks monetary relief from a defendant immune from such relief. *See* 28 U.S.C. § 1915A. To survive a dismissal for failure to state a claim under § 1915A, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) governs dismissals under 28 U.S.C. §1915A).

### III. Discussion

Having reviewed Plaintiff's filings, the Court finds Plaintiff's allegations insufficient to state a claim upon which relief can be granted.

Plaintiff's filings do not contain discernible allegations reasonably suggesting that, or how, any of the named Defendants were personally involved in the wrongful conduct he alleges. A plaintiff cannot establish the individual liability of any individual defendant for violations of his constitutional rights under 42 U.S.C. § 1983, absent allegations showing that each defendant was personally involved in the activities which form the basis of his claims. *Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *Mullins v. Hainesworth*, 66 F.3d 326 (Table), 1995 WL 559381 (6th Cir. Sept. 20, 1995). Plaintiff alleges Defendant Kountz is responsible for overall operations of the Jail (*see* ECF No. 1 at PageID #: 3), but it is well-established that liability for constitutional violations cannot be imposed on supervisory officials merely on the basis of *respondeat superior*,

3

(4:17CV2018)

or on a failure to act. *Shehee v. Lutrell*, 199 F.3d 295, 300 (6th Cir. 1999). Additionally, Plaintiff fails to make allegations regarding the involvement of the other Defendants.

Plaintiff's allegations are also insufficient to suggest any plausible violation of his constitutional rights. Most of his allegations concern general conditions in the Jail, not experiences personal to Plaintiff. Claims brought pursuant to § 1983 are personal to an injured party. *See Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002). Accordingly, Plaintiff has failed to state any cognizable constitutional claim to the extent he complains of conditions in the Jail which he does not allege have detrimentally affected him.

Furthermore, none of the Jail conditions that allegedly directly impacted Plaintiff rise to the level of a constitutional violation.

It is well-established that "the Constitution . . . does not mandate comfortable prisons." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). Thus, routine discomforts of prison life do not suffice to state a claim of cruel and unusual punishment under the Eighth Amendment because such "discomfort is 'part of the penalty that criminal offenders pay for their offenses against society.'" *Hudson v. McMillian*, 503 U.S. 1, 9 (1992), citing *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). "[O]nly those deprivations denying 'the minimal civilized measure of life's necessities' are sufficiently grave to form the basis of an Eighth Amendment violation." *Id*.

Plaintiff's general allegations of inadequate supplies and food for pod cleaners, and inadequate bedding and clothing for recreation, although admittedly unpleasant, do not rise to the level of the kind of an extreme deprivation required to sustain a cognizable constitutional conditions-of-confinement claim. *See, e.g., Armstrong v. Dunlap*, No. 17CV803, 2017 WL

4

(4:17CV2018)

3783715, at *1 (N.D. Ohio 2017) (Gwin, J.) (dismissing *pro se* prisoner civil rights action asserting generalized complaints regarding sanitation, recreation, and bedding); *Holder v. Cuyahoga County Jail*, No. 16CV2718, 2017 WL 696691, at *1 (N.D. Ohio 2017) (Nugent, J.) (holding same).

Plaintiff's allegations pertaining to mail, envelopes, a law library, and assistance in paying a fine, also prove insufficient to support a cognizable constitutional claim. Although prisoners have a constitutional right of access to the courts under the First Amendment, (*Bounds v. Smith*, 430 U.S. 817, 821 (1977)), in order to state such a claim, a plaintiff must plead and demonstrate that he suffered injury and was actually hindered in his efforts to pursue a non-frivolous legal claim. *Lewis v. Casey*, 518 U.S. 343, 351-53 (1996). Plaintiff's generalized allegations do not plausibly suggest he has suffered an actual injury necessary to support a First Amendment claim.

### IV: Conclusion

Accordingly, for the foregoing reasons, the Court dismisses this action pursuant to 28 U.S.C. §1915A. The Court further certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

| | |
|---|---|
| January 29, 2018 | */s/ Benita Y. Pearson* |
| Date | Benita Y. Pearson |
| | United States District Judge |